**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**JASON W. KIRKENDOLL**                                                         **PLAINTIFF**

**V.**                          **NO. 4:19-CV-572-DPM-BD**

**ANDREW SAUL, Commissioner**
**Social Security Administration[1]**                                          **DEFENDANT**

**RECOMMENDED DISPOSITION**

This Recommendation has been sent to Chief Judge D.P. Marshall Jr. Either party may file objections if they disagree with the findings or conclusions set out in this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record. By not objecting, parties may waive the right to appeal questions of fact.

**I.   Introduction:**

On October 5, 2011, Jason W. Kirkendoll applied for disability benefits, alleging disability beginning September 10, 2010. (Tr. at 28, 297) His claims were denied both initially and upon reconsideration. *Id*. After conducting a hearing, the Administrative Law Judge (ALJ) denied Mr. Kirkendoll's application on October 22, 2013. (Tr. at 39)

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

He requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1) Thereafter, Mr. Kirkendoll filed a complaint in this Court. (Tr. at 359) By Order entered on August 17, 2016, this Court remanded the case for development of the record with respect to non-exertional impairments and consideration of limitations on left upper extremity reaching. (Tr. at 365) After a second hearing, the ALJ again denied Mr. Kirkendoll's application. (Tr. at 310) The Appeals Council denied his request for review. Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Mr. Kirkendoll filed this case seeking judicial review of the decision denying his benefits.

## II. The Commissioner's Decision:

The ALJ found that Mr. Kirkendoll had not engaged in substantial gainful activity from the date of his alleged onset date through the date he was last insured for disability benefits (September 10, 2010 through December 31, 2014). (Tr. at 300) At step two of the five-step analysis, the ALJ found that Mr. Kirkendoll had the following severe impairments: morbid obesity, hypertension, degenerative joint disease, shortness of breath, and depression. *Id*.

After finding that Mr. Kirkendoll's impairments did not meet or equal a listed impairment (Tr. at 300), the ALJ determined that Mr. Kirkendoll had the residual functional capacity (RFC) to perform work at the sedentary exertional level, with some additional limitations. (Tr. at 302) He could occasionally reach overhead to the left and could frequently reach overhead to the right. *Id*. For all other reaching, he could

frequently reach to both the left and the right. *Id*. He could frequently handle, finger, and feel with both hands. *Id.* He could occasionally climb ramps and stairs, but could never climb ladders, ropes, or scaffolds. *Id*. He could occasionally balance, stoop, kneel, crouch, and crawl. *Id*. He could never work around unprotected heights, moving mechanical parts, dust, odors, fumes, or pulmonary irritants. *Id.* He could not work in extreme heat. *Id.* He could perform simple, routine, and repetitive tasks that require simple work-related decision-making. *Id*. Supervision would have to be simple, direct, and, concrete; and he was limited to work where interpersonal contact is incidental to the work performed. *Id*.

The ALJ found, based on this RFC, that Mr. Kirkendoll was unable to perform any past relevant work. (Tr. at 308) At step five, the ALJ relied on the testimony of a Vocational Expert (VE) to find, based on Mr. Kirkendoll's age, education, work experience and RFC, that Mr. Kirkendoll could perform work in the national economy as document preparer and assembler. (Tr. at 309) The ALJ determined, therefore, that Mr. Kirkendoll was not disabled. *Id*.

### III.  Discussion:

#### A.  Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence

3

that "a reasonable mind would find it adequate to support [the Commissioner's] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B.   Mr. Kirkendoll's Arguments on Appeal

Mr. Kirkendoll maintains that the evidence supporting the ALJ's decision is less than substantial. He asserts that the ALJ failed to consider his obesity and erred at step five by failing to resolve a conflict between the Dictionary of Occupational Titles (DOT) and the VE's testimony. Because the ALJ erred at step five, this Recommendation is limited to that ground for appeal.

Mr. Kirkendoll had a left shoulder injury that caused pain and soreness. (Tr. at 340-345) Objective testing revealed moderate shoulder separation with a slightly displaced avulsion fracture of the distal clavicle (Tr. at 244) A consultative medical examiner found diminished range of motion in Mr. Kirkendoll's left shoulder in all directions. (Tr. at 243-246) The examiner diagnosed moderate AC separation injury on the left side, with focal tenderness and chronic pain syndrome involving the left upper arm. *Id*. While this examiner assigned limitations to other physical functions, he did not specifically offer an opinion on limitations to left upper extremity movements. *Id.* The state agency reviewing physician found no reaching limitations. (Tr. at 251)

The ALJ considered the medical evidence and the district court's previous remand order that required further consideration of the shoulder injury; and she limited Mr.

Kirkendoll to occasional overhead reaching on his left side and frequent overhead reaching on the right. (Tr. at 302) For all other reaching, the found that Mr. Kirkendoll could frequently reach to both the left and right. *Id.*

After finding that Mr. Kirkendoll could not perform any past relevant work, the ALJ asked the VE to identify available jobs for someone at Mr. Kirkendoll's age and with his work experience, education, and RFC. The VE identified the jobs of document preparer and assembler. (Tr. 309) According to the DOT, these jobs require frequent reaching, and Mr. Kirkendoll argues that this requirement presents a conflict. *See* DOT# 249.587-018; DOT# 732.684-062. The Commissioner admits that a conflict exists. (Docket entry #17 at 11-12)

Before relying on VE evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about "any possible conflict" with the jobs identified by the VE and the description of those jobs in the DOT. The ALJ is obligated to see that the conflict is explained and resolved. *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007); see Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Here, the RFC limiting the claimant to occasional overhead reaching apparently conflicts with DOT, which indicates that the job requires frequent

reaching. *Humphrey v. Berryhill*, 2019 U.S.Dist. LEXIS 50243 *18 (E.D. Mo. March 26, 2019). The ALJ was obligated to clarify this apparent conflict.

The ALJ asked the VE about the conflict with respect to reaching, but the VE's simple answer was that he believed, based on his 25 years of experience in rehabilitation counseling, that Mr. Kirkendoll would be able to perform the jobs he identified. (Tr.at 356) He offered no support from the record; nor did he cite any references. He did not provide any detail about the reaching requirements for the specific jobs identified; and the ALJ did not inquire.

A VE's reliance solely on his or her experience is insufficient to resolve an apparent conflict with a given job and the DOT description of that job. *See Humphrey*, *supra* at 18 (remand required where the VE provided "no insight" into the conflict); *Montoya v. SSA*, 2019 U.S. District LEXIS 99311 *4-6 (E.D. Ark. June 13, 2019) (VE response lacked sufficient foundation).

In *Humphrey*, the VE did address the specific jobs identified but did not provide enough detail about the overhead reaching necessary for each job. That was deemed insufficient, and the court reversed the decision. *See Humphrey*, *supra*. Details about DOT requirements for a job, an explanation of how limitations might affect job duties, and citations to support the VE's opinion can resolve apparent conflicts. *See Welsh v. Colvin*, 765 F.3d 926, 930 (8th Cir. 2014)(ALJ resolved apparent conflict by extensively questioning the VE, who cited to a professional journal to support her testimony).

## IV. **Conclusion:**

The ALJ's decision is not supported by substantial evidence because she did not resolve the apparent conflict between the job requirements set out in the DOT and the VE's testimony regarding jobs that Mr. Kirkendoll could perform. The decision should be reversed and the case remanded with instructions for further review including, if warranted, further development, at step five, of VE testimony with respect to reaching.

DATED this 29th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE